UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DERICK OWUSU, | NO. C15-1606-JLR-JPD |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| BANK OF AMERICA, N.A., et al., | |
| Defendants. | |

## INTRODUCTION

Derick Owusu, a state prisoner who is proceeding *pro se* and *in forma pauperis*, brings this 42 U.S.C. § 1983 civil rights action, alleging § 1983 false arrest and imprisonment claims against Bellevue Police Detectives Jim Lindquist, Richard Newell, and James Brack; a municipal liability claim against the City of Bellevue ("City"); and a state-law racial discrimination claim against Bellevue Police Officer Ben Richey. *See* Dkts. 20 & 43.[1] He seeks damages and a no contact order against Detective Lindquist and Officer Richey. Dkt. 20 at 5.

---

[1] In his response to defendants' motion to dismiss, plaintiff outlines which claims he is bringing and clarifies that he is not alleging excessive force against Detective Brack and Officer Richey. *See* Dkt. 43.

REPORT AND RECOMMENDATION - 1

Defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). Dkt. 34; *see also* Dkt. 35 (*Rand* and *Wyatt* notices).  Plaintiff opposes dismissal of all claims except his state-law claim against Officer Richey, which he asks to voluntarily dismiss without prejudice or, in the alternative, for leave to amend.[2]  Dkt. 43.  Defendants filed a reply.  Dkt. 44.

Having considered the parties' briefs, the balance of the record, and the governing law, the Court recommends that defendants' motion be GRANTED in part and DENIED in part. The § 1983 false arrest and imprisonment claim against Detective Lindquist should be allowed to go forward; the § 1983 false arrest and imprisonment claims against Detectives Newell and Brack should be dismissed with leave to amend; the municipal liability claim against the City should be dismissed with prejudice and without leave to amend; and the racial discrimination claim against Officer Richey should be voluntarily dismissed without prejudice.

## BACKGROUND

**A.     Allegations in the amended complaint**

On October 11, 2013, Heather Diepenbrock, an employee at a Bank of America branch in Bellevue, Washington, called 911 to report that a black man in his 20s had attempted to deposit fraudulent checks.  Dkt. 20 at 4.  The bank provided the police with still images of the perpetrator from the security cameras and one of the fraudulent checks.  *Id.*

On November 15, 2013, Detectives Lindquist and Newell attempted to interrogate plaintiff regarding the fraudulent checks.[3]  *Id.*  Plaintiff refused to answer questions without an attorney present.  *Id.*  Detective Lindquist then threatened, "If you don't wanna talk, we'll file as many cases as we can on you."  *Id.*

---

[2] Plaintiff filed his response late.  Plaintiff is advised that he must comply with court deadlines.  If he anticipates that he will be unable to file and serve a motion or responsive brief on time, he should file a motion for extension of time well before the deadline.

[3] Plaintiff was already in jail on a different charge.  Dkt. 11 (original complaint) at 6.

REPORT AND RECOMMENDATION - 2

1  Later that day, Detective Lindquist presented a photo lineup to Ms. Diepenbrock and
2  two other bank employees. *Id.* The detective "directly suggested" that Ms. Diepenbrock
3  identify plaintiff, and she did with the caveat that she was not one hundred percent certain. *Id.*
4  The other bank employees were unable to identify the perpetrator. *Id.*

5  Presumably on the same day, the results came back from the fingerprint analysis of the
6  fraudulent check; plaintiff's fingerprints were not a match. *Id.* at 4, 6.

7  Detective Lindquist then authored a Certificate for Determination of Probable Cause
8  ("Probable Cause Certificate"), which stated:

9  On 11/4/2013 I was sent a photo from BPD Det. Brack of a Derick Owusu.  He
   was a reported suspect in this case based on the appearance of the suspect
10 photo . . . I compared the photos Det. Brack sent me to the video stills of the
   suspect in the Bank and they definitely appear to be the same person.  I
11 recognized the suspect in Bank of America on 10/11/13 as being Owusu.

12 *Id.* at 6. The King County prosecutor filed the information, and plaintiff was held in jail. *Id.*
13 On November 17, 2013, he bailed out for $20,000.00. *Id.*

14 On March 27, 2014, Detective Brack and Officer Richey arrested petitioner pursuant to
15 a warrant. *Id.* During the arrest, the officers used excessive force and had to take plaintiff to
16 the emergency room where he was treated for a contusion on his upper extremity and abrasions
17 on his face. *Id.* At the hospital, Officer Richey seized plaintiff's clothing as evidence, and
18 brought plaintiff to jail in only his underwear. *Id.*

19 During discovery, plaintiff obtained a copy of the bank's surveillance video. *Id.*
20 Plaintiff reviewed the video and "learned that the suspect depicted in the video was 'glaringly'
21 not him." *Id.* at 6-7. The only similarities between plaintiff and the perpetrator were race and
22 color. *Id.* at 7. Plaintiff moved to dismiss the information, and on April 10, 2014, the
23 prosecutor agreed and the case was dismissed. *Id.*

24

REPORT AND RECOMMENDATION - 3

**B.     Procedural history**

Plaintiff initiated this action in October 2015, naming as defendants Bank of America, the Bellevue Police Department, the King County Prosecuting Attorney's Office, three Bank of America employees, Detectives Lindquist and Newell, and two attorneys from the King County Prosecuting Attorney's Office. Dkt. 1-1. After screening the original complaint under 28 U.S.C. §§ 1915(e)(2) and 1915(b)(1), the Court declined to serve and granted plaintiff leave to file an amended complaint. Dkt. 12. After several extension of time, plaintiff filed his amended complaint. Dkt. 20. The Court directed service, and the instant motion to dismiss, which is now ripe, followed.[4] Dkt. 34.

## DISCUSSION

**A.     Rule 12(b)(6) legal standards**

The Federal Rules of Civil Procedure require a plaintiff to plead "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff has alleged "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The factual allegations must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

---

[4] Contrary to plaintiff's assertion, Dkt. 43 at 5-6, the issuance of the service order following screening under § 1915(e)(2) of the Prison Litigation Reform Act does not foreclose defendants' motion to dismiss. *See Norsworthy v. Beard*, 87 F. Supp. 3d 1104, 1111 n.4 (N.D. Cal. 2015); *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1120 (S.D. Cal. 2007) ("[T]he sua sponte screening and dismissal procedure [provided for in § 1915(e)(2)] is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to bring.").

REPORT AND RECOMMENDATION - 4

When considering a Rule 12(b)(6) motion, the Court accepts all facts alleged in the complaint as true, and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *See Barker v. Riverside Cnty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*pro se* plaintiffs are held to less stringent pleading standards than represented plaintiffs). The Court is not, however, bound to accept as true labels, conclusions, formulaic recitations of the elements, or legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555. The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

**B.     Section 1983 legal standards**

To sustain a § 1983 civil rights claim, plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A plaintiff may not hold supervisory personnel liable under § 1983 for constitutional deprivations under a theory of supervisory liability. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

A local government unit or municipality can be sued as a "person" under § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-94 (1978). However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id.* A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal

REPORT AND RECOMMENDATION - 5

"policy" or "custom" that caused his or her injury. *Bd. of the Cnty. Comm'rs of Bryant Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694).

**C.    Section 1983 false arrest and imprisonment claims**

A claim for unlawful arrest or imprisonment is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification. *See Larson v. Neimi*, 9 F.3d 1397, 1400 (9th Cir. 1993). Probable cause exists when an officer has reasonably trustworthy information of facts and circumstances that are sufficient to justify a reasonably cautious person's belief that an offense has been or is being committed. *Stoot v. City of Everett*, 582 F.3d 910, 918 (2009) (citing *Brinegar v. United States*, 338 U.S. 160, 175-76 1949) (internal quotation marks omitted)). A plaintiff may maintain a Fourth Amendment false arrest claim where "the officer who applied for the arrest warrant 'deliberately or recklessly made false statements or omissions that were material to the finding of probable cause.'" *Smith v. Almada*, 640 F.3d 931, 937 (9th Cir. 2011) (quoting *KRL v. Moore*, 384 F.3d 1105, 1117 (9th Cir. 2004)). "The materiality element—a question for the court—requires the plaintiff to demonstrate that 'the magistrate [judge] would not have issued the warrant with false information redacted, or omitted information restored.'" *Id.* (quoting *Lombardi v. City of El Cajon*, 117 F.3d 1117, 1126 (9th Cir. 1997)).

**1.    Detective Lindquist**

Defendants contend that plaintiff fails to state a claim against Detective Lindquist because Ms. Diepenbrock identified plaintiff in a photo lineup and because Detective Lindquist compared plaintiff's photo with the surveillance photo from the bank and believed them to be the same man. *See* Dkt. 34 at 10; Dkt. 44 at 5. In other words, defendants argue that there was probable cause for plaintiff's November 15, 2013 arrest.

Defendants, however, ignore key factual allegations, which the Court must take as true at this stage of the litigation. Plaintiff also alleges that Detective Lindquist threatened to file charges on him because he exercised his right to remain silent, directed Ms. Diepenbrock to identify him in the photo lineup, and lied on the Probable Cause Certificate about his resemblance to the perpetrator as seen on the surveillance video. *See* Dkt. 20. The amended complaint sufficiently alleges that Detective Lindquist deliberately made material false statements in the Probable Cause Certificate supporting his warrant application. As such, plaintiff has stated a Fourth Amendment claim. Defendants' motion to dismiss should be DENIED as to the § 1983 false arrest and imprisonment claim against Detective Lindquist.

**2.     Detective Newell**

Defendants argue that plaintiff fails to state a claim against Detective Newell because he alleges only that the detective contacted him "for interrogation." Dkt. 34 at 4. Plaintiff counters that his allegations against Detective Newell state a claim because the detective failed to intervene when Detective Lindquist threatened to file cases against him in retaliation for his silence. Dkt. 43 at 14-15. Plaintiff argues that Detective Newell, with knowledge, watched Detective Lindquist imprison him without probable cause. *Id.* at 15.

Law enforcement officials are liable for failing to intercede in the violation of constitutional rights by another police officer if they had a "realistic opportunity" to do so. *Cunningham v. Gates*, 229 F.3d 1271, 1289-90 (9th Cir. 2000). The amended complaint does not allege facts establishing that Detective Newell had a realistic opportunity to intervene in Detective Lindquist's allegedly unconstitutional actions. Detective Lindquist's alleged threat to file charges against plaintiff alone does not amount to a constitutional violation. And the amended complaint does not allege that Detective Newell had knowledge of or an opportunity to intervene when Detective Lindquist allegedly directed Ms. Diepenbrock to identify

REPORT AND RECOMMENDATION - 7

plaintiff's photo or when Detective Lindquist authored the allegedly false Probable Cause Certificate.  Plaintiff's assertion in his response to the motion to dismiss that Detective Newell knowingly watched Detective Lindquist imprison plaintiff without probable does not cure the deficiency in the amended complaint.

Because the amended complaint fails to state a claim against Detective Newell, defendants' motion to dismiss should be GRANTED as to this issue.  Nevertheless, because plaintiff has not yet been given an opportunity to amend this claim and it is not clear that amendment would be futile, he should be granted leave to amend.

### 3.     Detective Brack

Defendants argue that plaintiff fails to state a claim against Detective Brack because the amended complaint merely states that Detective Brack sent a photograph of plaintiff to Detective Lindquist as a part of the forgery investigation, and then later arrested plaintiff with Officer Richey pursuant to a warrant.  Dkt. 44 at 4.  Plaintiff responds that Detective Brack was "involved in framing [him] for the forgery" on November 15, 2013, and then helped to obtain the warrant that was the basis for the March 27, 2014 arrest.  Dkt. 43 at 19.  Plaintiff contends that the Court can draw the inference that Detective Brack "coaxed" Detective Lindquist to frame plaintiff because the Probable Cause Certificate stated that Detective Brack sent Detective Lindquist a photo plaintiff, who was a suspect in the case "based on the appearance of the suspect photo," and later sent more information about plaintiff and his booking photo.  *Id.*; *see also* Dkt. 20 at 6.  Plaintiff further argues that Detective Lindquist's threat that "*we* will file as many cases as we can on you" implicates Detective Brack.  Dkt. 43 at 20.

Even liberally construed, plaintiff draws unreasonable inferences from the facts alleged in his amended complaint.  That Detective Brack sent Detective Lindquist photographs and

REPORT AND RECOMMENDATION - 8

information about plaintiff does not suggest that Detective Brack was involved in an attempt to frame plaintiff for the fraudulent checks. Likewise, it is not reasonable to infer that Detective Lindquist was referring to Detective Brack when he allegedly threatened plaintiff, particularly given that Detective Brack was not present at the time and did not author the Probable Cause Certificate. Plaintiff fails to state a claim against Detective Brack.

Defendants' motion to dismiss should be GRANTED as to the claims against Detective Brack, and as with Detective Newell, plaintiff should be granted leave to amend.

**D.     Municipal liability claim against the City**

Defendants move to dismiss plaintiff's municipal liability claim against the City. Defendants correctly argue that plaintiff fails to state a *Monell* claim because he does not allege any facts establishing a municipal policy or custom that caused him injury. *See Monell*, 436 U.S. at 691-94; *Brown*, 520 U.S. at 403. He only names the City as a defendant.

Plaintiff nevertheless maintains that he should be able to proceed against the City because it employs the individually named defendants. Dkt. 43 at 22-23. He also argues that he was injured by the municipal policy authorizing police officers to arrest suspects when there is probable cause. *Id.* at 24-25. Plaintiff's arguments fail. He cannot hold the City liable solely because it employs a tortfeasor. *See Monell*, 436 U.S. at 691-94. And the City's policy requiring officers to have probable cause before arresting a suspect did not cause plaintiff's alleged injury; rather, Detective Lindquist's alleged fabrication of probable cause led to plaintiff's continued detention in jail.

Plaintiff was previously advised of the legal standards governing municipal liability claims and given an opportunity to amend. *See* Dkt. 12. Because his amended complaint nonetheless fails to state a claim, it appears that amendment would be futile, and his municipal

liability claim against the City should be DISMISSED with prejudice and without leave to amend.

### E.  State-law racial discrimination claim against Officer Richey

Defendants argue that plaintiff fails to state a racial discrimination claim against Officer Richey.  The amended complaint alleges only that Officer Richey used excessive force during the March 27, 2014 arrest, seized plaintiff's clothing before transporting him from the hospital to the jail, and that "the unequal or unfair treatment was because of Mr. Owusu's race, color or national origin." Dkt. 20 at 6-7.

The Washington Law Against Discrimination ("WLAD"), RCW 49.60.010, protects against discrimination because of race, creed, color, or national origin in public accommodations.  RCW 49.60.030(1)(b); RCW 49.60.215.  Washington courts have applied the statute to arrests in public places. *See McKinney v. City of Tukwila*, 103 Wash. App. 391, 410-11 (2000).  "[A]n action for discrimination under RCW 49.60.215 requires a showing that the unequal treatment was *motivated* by race." *Id.* at 410 (emphasis in original).

In response to defendants' motion to dismiss, plaintiff asks to voluntarily dismiss this claim without prejudice or, in the alternative, for leave to amend.  Dkt. 43 at 20-21.  Plaintiff explains that if allowed to amend, he would allege that during the arrest, Officer Richey made a derogatory comment to plaintiff based on his race.  Dkt. 43 at 20-21.  In reply, defendants do not object to voluntary dismissal.  Dkt. 44 at 5.

As plaintiff recognizes, the amended complaint fails to state a WLAD claim against Officer Richey.  Even if the Court were to allow plaintiff to file a second amended complaint alleging that Officer Richey made a derogatory comment, he would still fail to state a claim; the WLAD requires a showing of unequal treatment that was motivated by race, and plaintiff makes only conclusory allegations of unequal treatment.  Because plaintiff has not shown that

REPORT AND RECOMMENDATION - 10

1  he can cure the deficiencies with a second opportunity to amend, *see* Dkt. 12 at 9, this claim

2  should be voluntarily DISMISSED without prejudice.  *See* Fed. R. Civ. P. 41(a)(2).

## **CONCLUSION**

Based on the foregoing, the Court recommends that defendants' motion to dismiss, Dkt. 34, be GRANTED in part and DENIED in part.  The § 1983 false arrest and imprisonment claim against Detective Lindquist should be allowed to go forward; the § 1983 false arrest and imprisonment claims against Detectives Newell and Brack should be dismissed with leave to amend; the municipal liability claim against the City should be dismissed with prejudice and without leave to amend; and racial discrimination claim against Officer Richey should be voluntarily dismissed without prejudice.  Plaintiff should be granted leave to file a second amended complaint that cures the deficiencies identified in this Report and Recommendation.  If plaintiff fails to timely file a second amended complaint, this action will proceed against only Detective Lindquist.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **August 30, 2016**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 2, 2016.**

\\

\\

REPORT AND RECOMMENDATION - 11

1     This Report and Recommendation is not an appealable order. Thus, a notice of appeal

2 seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the

3 assigned District Judge acts on this Report and Recommendation.

4     DATED this 9th day of August, 2016.

*/s/ James P. Donohue*

JAMES P. DONOHUE
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 12